IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION

| | | |
|---|---|---|
| FEDLOGIC, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 1:25-cv-00861 |
| | § | |
| JEFFREY BURKETT, FEDERAL LOGIC, LLC and FEDLOGIC LOGIC, LLC, | § § § § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | | |

## COMPLAINT

Plaintiff, FEDlogic, LLC ("Plaintiff" or "FEDlogic"), by and through the undersigned attorneys, hereby files this Complaint against Defendants Jeffrey Burkett, Federal Logic, LLC and FedLogic Logic, LLC (collectively, "Defendants"), pursuant to Rules 7 and 8, Federal Rules of Civil Procedure, alleges as follows:

## NATURE OF THE ACTION

1. This Complaint is an action for trademark infringement, passing off and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125, the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), as well as for common law unfair competition, and for violation of the North Carolina Unfair and Deceptive Trade Practices Act.

1

# PARTIES

2. Plaintiff FEDlogic, LLC is a Delaware corporation with a principal place of business at 210 South Cherry Street, Suite 100, Winston Salem, North Carolina 27101.

3. Defendant Jeffrey Burkett, on information and belief, is an individual residing at 16252 Sunset Splendor Ln, Monument, CO, 80132.

4. Defendant Federal Logic, LLC, on information and belief, is a Colorado limited liability company with a principal place of business at 545 3rd Street #2212, Monument, Colorado 80132 (hereinafter, "Federal Logic").

5. Defendant FedLogic Logic, LLC, on information and belief, is a Colorado limited liability company with a principal place of business at 545 3rd Street #2212, Monument, Colorado 80132 ("FedLogic Logic"). FedLogic Logic was listed by Federal Logic, LLC as the "correspondent" company in Cancellation No. 92089197 against FEDlogic, LLC's U.S. Reg. No. 7,605,595 described below.

6. Defendant Burkett has at all times directed and participated in the acts of trademark infringement and unfair competition described below on the part of himself and his companies, Federal Logic and FedLogic Logic (Collectively, Defendants Burkett, Federal Logic and FedLogic Logic shall be referred to as "Defendants" herein).

## JURISDICTION AND VENUE

7. This is an action for monetary damages and injunctive relief relating to Defendants' acts of trademark infringement, unfair competition and domain name cybersquatting.

8. Plaintiff FEDlogic brings claims predicated on the Lanham Act of 1946, as amended, 15 U.S.C. § 1125, and Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and related claims under the laws of the State of North Carolina.

9. This Court has subject matter jurisdiction over the Lanham Act claims under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338(a), and over the related state- and common-law claims under 28 U.S.C. §§ 1338 and 1367.

10. This Court has personal jurisdiction over the Defendants due to Defendants' willful and intentional acts aimed at harming Plaintiff, a company with its principal place of business in Winston Salem, North Carolina, and Plaintiff's goodwill in Plaintiff's federally registered FEDLOGIC trademark, which goodwill resides in and with Plaintiff in its state of residence, North Carolina. Defendants have engaged in activities that have confused consumers and harmed the goodwill in Plaintiff's federally registered FEDLOGIC trademark.

11. Venue is proper in this District under 28 U.S.C. § 1391, among other things, because the acts alleged in this Complaint occurred and continue to occur in this District, a substantial part of the events giving rise to this action occurred and continue to occur in this District, and the injury was caused and experienced in this District.

## FACTUAL BACKGROUND

*FEDLogic's Rights*

12. Plaintiff FEDlogic incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

13. Frank and Elizabeth Cardenas founded FEDlogic in 2015 with the goal of helping companies assist their employees in navigating federal and state benefit programs. FEDlogic aims to bridge the information gap and provide families with unlimited and unbiased access to expert guidance at no cost.

14. By educating families experiencing significant life changes, many families discover federal and state programs designed to assist individuals with healthcare crises that often surpass those provided in employer-based health plans. FEDlogic's primary goal has been to help people, especially during times of need.

15. To further Plaintiff's mission of helping companies assist their employees in navigating federal and state benefit programs, Plaintiff coined and commenced use of its FEDLOGIC service mark ("Plaintiff's FEDLOGIC

4

Mark") to connote such services to the public at least as early as December 8, 2015. Plaintiff has used Plaintiff's FEDLOGIC Mark continuously in connection with said services since it commenced use of the mark in 2015.

16. Plaintiff has enjoyed tremendous growth and success while using Plaintiff's FEDLOGIC Mark to connote its services to employers and their employees. Plaintiff now serves over six million people across all 50 states and Puerto Rico.

17. On or about October 23, 2023, and to enhance its rights in Plaintiff's FEDLOGIC Mark, FEDlogic filed U.S. Application Serial No. 98/236,117 to register Plaintiff's FEDLOGIC Mark in conjunction with "Consulting services in the field of state and federal employee benefit plans concerning insurance and finance; Providing counseling and consulting in the field of healthcare insurance benefits" in International Class 036.

18. After examination, the U.S. Patent and Trademark Office ("USPTO") issued U.S. Registration No. 7,605,595 to FEDlogic for Plaintiff's FEDLOGIC® Mark ("Plaintiff's FEDLOGIC Registration") on December 17, 2024. Plaintiff's FEDLOGIC Registration is live and subsisting and is *prima facie* evidence of the validity of the mark and Plaintiff's ownership of it.

19. Plaintiff's FEDLOGIC® Mark and Plaintiff's FEDLOGIC Registration identify Plaintiff and its services to the consuming public, and are among the most valuable of Plaintiff's assets. Plaintiff has attained,

5

through consistent, national use and the provision of exceptional services under Plaintiff's FEDLOGIC® Mark, a tremendous amount of goodwill in Plaintiff's FEDLOGIC® Mark, which goodwill is of incalculable value and which, if infringed, will result in irreparable harm to Plaintiff.

## **Defendants' Unlawful Actions**

20. On information and belief, Jeffrey Burkett purchased the domain name <fedlogic.com> on or about June 29, 2001 ("the FedLogic.com Domain Name"), and he continues to own the FedLogic.com Domain Name today. Other than passively owning the FedLogic.com Domain Name, Burkett made no use of the domain name in any business bearing the name "FedLogic" or "Federal Logic" until at least 2022.

21. Passive ownership of a domain name does not, without more, create any trademark rights, such that Defendants did not create any trademark rights in the "FedLogic" designation by virtue of owning the FedLogic.com Domain Name. *See* 4 McCarthy on Trademarks and Unfair Competition § 25A:18 (5th ed.).

22. On information and belief, in or around 2022 Defendants adopted the designations FEDERAL LOGIC and FEDERAL LOGIC, LLC (the "Infringing FEDERAL LOGIC Designations") to offer and sell consulting services to federal defense department agencies as a contractor.

6

23. When Defendants first commenced use of the Infringing FEDERAL LOGIC Designations, Defendants knew of Plaintiff's senior rights to Plaintiff's FEDLOGIC® Mark, but willingly and intentionally commenced use as a junior user so as to infringe Plaintiff's senior rights in Plaintiff's FEDLOGIC® Mark.

24. Defendants, since adopting the FEDERAL LOGIC designation in 2022 and using the FedLogic.com Domain Name to promote Defendants' services, have willfully and intentionally sought to trade off of the tremendous goodwill built up since 2015 by Plaintiff in Plaintiff's FEDLOGIC® Mark.

25. Defendants knew about Plaintiff and Plaintiff's senior rights in Plaintiff's FEDLOGIC® Mark because on three occasions since 2016, Plaintiff's member, officer and manager, Frank Cardenas, corresponded with Defendant Burkett to attempt to purchase or acquire the FedLogic Domain Name from Burkett.

26. On September 15, 2016, Mr. Cardenas, using the email address [Frank@FedLogicGroup.com](mailto:Frank@FedLogicGroup.com) originating from the <fedlogicgroup.com> domain name, wrote to Mr. Burkett to ask if he was willing to sell the FedLogic Domain Name. Mr. Cardenas' signature line designated that he was with the company, "FEDLogic, LLC." Mr. Burkett responded to Mr. Cardenas via email on September 15, 2016, stating, "Everything is negotiable. Make an offer." He ultimately refused to engage in further negotiations at that time. As a result of

7

this communication, since at least September 15, 2016, Burkett and his companies, if they existed at that time, have known about Plaintiff, Plaintiff's senior rights in and to Plaintiff's FEDLOGIC® Mark, and Plaintiff's use of the domain name <FedLogicGroup.com>.

27. Plaintiff attempted to acquire the FedLogic Domain Name from Defendants a second time when, on August 28, 2019, Mr. Cardenas wrote to Mr. Burkett and again offered to purchase the FedLogic Domain Name. He explained about Plaintiff's business. Mr. Burkett responded on August 28, 2019 and stated, with respect to the domain name, "I am not actively using it for its original purpose." He refused to negotiate further.

28. On January 28, 2022, Mr. Cardenas wrote to Mr. Burkett again, "Inquiring about obtaining / purchasing your domain name," and asked Mr. Burkett, "Will you let me know if you'd be interested in talking? Thanks." Again, Mr. Cardenas wrote from the email address, Frank@FedLogicGroup.com, using the company name, "FEDlogic, Inc." Mr. Burkett responded on April 8, 2022, stating that "unless you are prepared to offer a substantial amount for it I am really not interested in letting it go."

29. From Defendants' purchase of the FedLogic.com Domain Name through early 2022, Defendants never made any trademark use of the Infringing FEDERAL LOGIC Designations. Until 2022, the FedLogic Domain Name either was inactive or pointed only to a real estate listing for a "DC

8

Dream Rental" home. Defendants did not make any use of the Infringing FEDERAL LOGIC Designations or the FedLogic.com Domain Name to sell or offer to sell any consulting or related services until at least 2022.

30. Commencing in 2022, Defendants began offering to sell and selling consulting services to employers in the defense, transportation, national security, emergency management and technology sectors under the Infringing FEDERAL LOGIC Designations and the FedLogic.com Domain Name. At the time Defendants adopted and commenced use in commerce of the Infringing FEDERAL LOGIC Designations using the FedLogic.com Domain Name, Defendants had known about Plaintiff's senior rights in its FEDLOGIC® service mark for over seven years.

31. Plaintiff's FEDLOGIC® Mark is strong and distinctive in the U.S. marketplace for Plaintiff's services, as Plaintiff serves over six million employees across all 50 states and Puerto Rico.

32. Defendants' Infringing FEDERAL LOGIC Designations and Defendants' FedLogic.com Domain Name, are identical or closely related and confusingly similar to Plaintiff's senior FEDLOGIC® Mark.

33. The services offered and sold by Defendants, namely consulting services to employers in the defense, transportation, national security, emergency management and technology sectors under the Infringing FEDERAL LOGIC Designations and the FedLogic.com Domain Name, are

similar to the employee benefits services offered and sold by Plaintiff under Plaintiff's FEDLOGIC® Mark, and are offered and sold by and through similar means, *i.e.,* consulting services, to the parties' respective customers.

34. Defendants offer and sell their consulting services through advertising, including through operation of an Internet website having the component "FedLogic" in the domain name, and through consulting with clients such as through referrals, just as Plaintiff does with respect to its benefits consulting services under Plaintiff's FEDLOGIC® Mark.

35. Defendants' intent in adopting and using their Infringing FEDERAL LOGIC Designations and in putting to use the FedLogic.com Domain Name in a consulting business to employers, while knowing for many years about Plaintiff and its senior rights in and to Plaintiff's FEDLOGIC® Mark, was for an unlawful, improper and infringing purpose. Defendants have sought willfully and intentionally to trade upon the goodwill built up over many years by Plaintiff in its FEDLOGIC® Mark. Moreover, Defendants have asserted, in an August 11, 2025 filing with the U.S. Trademark Trial and Appeal Board, that "The [Plaintiff and Defendants' respective] marks are phonetically and visually similar, target overlapping federal-sector clients, and travel in the same trade channels, creating a high likelihood of consumer confusion under the DuPont factors." These facts authoritatively establish a likelihood of confusion between Plaintiff's senior FEDLOGIC® Mark and

10

Case 1:25-cv-00861-CCE-LPA   Document 1   Filed 09/19/25   Page 10 of 20

Defendants' Infringing FEDERAL LOGIC Designations and Defendants' FedLogic.com Domain Name.

36. Finally, consumers actually have been confused since Defendants started using their Infringing FEDERAL LOGIC Designations and FedLogic.com Domain Name to offer and sell consulting services to employers in the defense, transportation, national security, emergency management and technology sectors under the Infringing FEDERAL LOGIC Designations and the FedLogic.com Domain Name. On or about November 22, 2024, an employee of a university receiving Plaintiff's services branded with Plaintiff's FEDLOGIC® service mark corresponded with Mr. Burkett at jburkett@fedlogic.com to ask for information about and assistance with her retirement insurance plans. Mr. Burkett responded to her by email to tell her he "recommended looking them up on their website."

37. By 2025, Defendants had commenced use of Plaintiff's exact service mark in the footer of Defendants' website located at www.fedlogic.com, which reads "Copyright 2025 Fedlogic." This infringing use enhances the likelihood of confusion among consumers and seeks to pass off Defendants' consulting services as being sponsored by, or endorsed by, or being related to Plaintiff and its services offered and sold under its registered FEDLOGIC® service mark.

11

38. On February 5, 2025, Mr. Burkett filed U.S. Application Serial No. 99/029,323 with the USPTO, seeking to register the designation FEDERAL LOGIC, LLC in connection with "Professional business consulting" in International Class 035. (The "FEDERAL LOGIC, LLC Application"). He originally listed the owner of the mark and application as "Jeffrey Burkett," a "Limited Liability Company." The USPTO issued a nonfinal Office action as to the FEDERAL LOGIC, LLC Application on July 16, 2025, initially refusing the application pursuant to Section 2(d) of the Trademark Act, 15 U.S.C. § 1101 *et. seq.*, on the basis that the mark was likely to cause confusion with Plaintiff's prior-filed and registered FEDLOGIC® Mark covering "Consulting services in the field of state and federal employee benefit plans concerning insurance and finance; Providing counseling and consulting in the field of healthcare employee benefits" in International Class 036. The USPTO also initially refused Burkett's application because he improperly named himself as the owner of the application while stating that he was an LLC.

39. In his response of July 18, 2025, Burkett argued that there was no likelihood of confusion with Plaintiff's senior rights in Plaintiff's FEDLOGIC® Mark, and he proposed that the new owner would be "Federal Logic, a limited liability company legally organized under the laws of Colorado."

40. The USPTO, on July 28, 2025, maintained its refusal based on Plaintiff's senior rights in and to Plaintiff's FEDLOGIC® Mark and because the

12

Defendants' FEDERAL LOGIC LLC designation was likely to confuse consumers.

41. On August 11, 2025, the company "Federal Logic, LLC" instigated a cancellation proceeding before the U.S. Trademark Trial and Appeal Board ("TTAB") pursuant to Cancellation No. 92089197, listing its correspondence address as "FedLogic Logic, LLC, 545 3rd St., #2212, Monument, CO 80132." (the "Cancellation Proceeding"). The instigation of the Cancellation Proceeding stayed further prosecution of the FEDERAL LOGIC, LLC Application.

42. In the Cancellation Proceeding, Defendants have changed their arguments, and now assert that there is a likelihood of confusion between Plaintiff's FEDLOGIC® Mark and Defendants' FEDERAL LOGIC, LLC Designation, while claiming that Defendants, not Plaintiff, were the first users of their designation.

43. Plaintiff, and the goodwill earned in and to Plaintiff's federally-registered FEDLOGIC® Mark, have suffered harm and injury due to the actions of Defendants. The amount of damage to Plaintiff due to Defendants' actions is incalculable and will be irreparable if not enjoined.

44. Defendants' actions complained of herein have been made unlawfully, willfully, and intentionally and in bad faith. After years of warehousing the FedLogic.com Domain Name, Defendants have used their FEDERAL LOGIC, LLC Designations and the FedLogic.com Domain Name in

13

a consulting business, seeking to confuse consumers and business clients into believing that Defendants and their infringing services derive from, are related to, or are sponsored by or endorsed by Plaintiff and its FEDLOGIC®-branded consulting and employee benefit services.

45. The acts of Defendants are willful, deliberate and done with knowledge of Plaintiff's rights in and to Plaintiff's FEDLOGIC® Mark and other legitimate interests and with knowledge that these actions are likely to confuse, mislead and deceive the public.

46. Plaintiff has been, and will continue to be, damaged by Defendants' willful and bad-faith infringing conduct, in a manner and amount in excess of $75,000 but that cannot be fully measured or compensated in economic terms, for which there is no adequate remedy at law.

## COUNT I: INFRINGEMENT OF A REGISTERED MARK, 15 U.S.C. § §1114

47. Plaintiff reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were here set out in full.

48. Plaintiff's federally-registered FEDLOGIC® Mark, subject to U.S. Reg., No. 7,605,595, is live, subsisting, valid and senior to any trademark or service mark used in commerce to offer or sell any good or service by any of the Defendants.

49. The acts of Defendants complained of herein constitute trademark infringement of a registered mark pursuant to 15 U.S.C. §1114.

50. Plaintiff has been damaged by the acts of Defendants complained of herein.

## COUNT II: UNFAIR COMPETITION, INFRINGEMENT OF COMMON LAW RIGHTS, AND PASSING OFF, 15 U.S.C. § 1125(a)

51. Plaintiff reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were here set out in full.

52. The acts of Defendants complained of herein constitute trademark infringement, unfair competition and passing off pursuant to 15 U.S.C. §1125(a).

53. Plaintiff has been damaged by the acts of Defendants complained of herein.

## COUNT III: VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

54. Plaintiff reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were here set out in full.

55. Defendants have violated and are liable for violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). (1) Defendants have registered, trafficked in, and/or used the FedLogic.com Domain Name; (2) the FedLogic.com Domain name is identical or confusingly similar to the protected Plaintiff's FEDLOGIC® Mark; and (3) the Defendants have acted

with bad faith intent to profit from that mark. In addition, Defendants have used a domain name having as part of that domain name the Plaintiff's FEDLOGIC® Mark to leverage a business dispute, which is sufficient to establish "bad faith intent."

56. Defendants' warehousing of the FedLogic.com Domain Name without using it in commerce, all while Plaintiff built up rights in Plaintiff's FEDLOGIC® Mark, and then adopting the FEDERAL LOGIC, LLC Designations in commerce in a confusingly similar manner, while using the FedLogic.com Domain Name, constitutes "bad faith intent."

57. Plaintiff has been damaged by the acts of Defendants complained of herein.

58. Plaintiff should be required and ordered to transfer the FedLogic.com Domain Name to Plaintiff to prevent further consumer confusion by virtue of Defendants' recent use of the FedLogic.com Domain Name in a consulting business, all while knowing of Plaintiff's rights in Plaintiff's FEDLOGIC® Mark.

**COUNT IV: CANCELLATION OR REFUSAL OF DEFENDANTS' FEDERAL LOGIC, LLC APPLICATION**

59. Plaintiff reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were here set out in full.

16

60. Defendants' FEDERAL LOGIC, LLC Application should be refused by the USPTO pursuant to Section 2(d) of the Trademark Act, 15 U.S.C. § 1051 *et seq.*, on the basis that it is confusingly similar to Plaintiff's FEDLOGIC® Mark, which is prior-registered and senior to Defendants' FEDERAL LOGIC Application.

61. Plaintiff has been damaged by the acts of Defendant complained of herein, and would be damaged by the registration of Defendants' applied-for mark.

62. Pursuant to 15 U.S.C. § 1119, this Court has the power to "determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." The Court should order that the USPTO refuse Defendants' FEDERAL LOGIC, LLC Application, or order the Defendants to withdraw it from the USPTO.

## COUNT V: COMMON LAW TRADEMARK INFRINGEMENT, NORTH CAROLINA COMMON LAW

63. Plaintiff reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were here set out in full.

64. The acts of Defendant complained of herein constitute unfair competition and trademark infringement under the common law of the State of North Carolina.

65. Plaintiff has been damaged by the acts of Defendant complained of herein.

## COUNT VI: VIOLATION OF NORTH CAROLINA UNFAIR & DECEPTIVE TRADE PRACTICES ACT, N.C.G.S. § 75-1.1 et seq.

66. Plaintiff reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were here set out in full.

67. The acts of Defendants complained of herein constitute unfair methods of competition in or affecting commerce, and unfair and deceptive acts or practices in or affecting commerce, which proximately have caused actual injury to Plaintiff and its business in this State and elsewhere.

68. The acts of Defendants complained of herein have had the tendency to deceive and mislead consumers and created a likelihood of deception with respect to the Defendants' Infringing FEDERAL LOGIC Designations and related services, and were performed willfully, wantonly, with the intent to harm Plaintiff and its rights in the Plaintiff's FEDLOGIC® Mark, and with the intent to compete unfairly with Plaintiff. The actions of Defendants complained of herein were performed in bad faith and with the intent to deceive.

69. Plaintiff has been damaged by the acts of Defendants complained of herein.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff FedLogic, LLC requests that the Court:

(a) Permanently enjoin Defendants from infringing Plaintiff's FEDLOGIC® Mark, or from using any mark confusingly similar thereto;

(b) Permanently enjoin Defendants from unfairly competing against Plaintiff;

(c) Permanently enjoin Defendants from falsely representing the nature, characteristics, qualities and origin of its services and commercial activities, or from passing off in violation of Plaintiff's rights;

(d) Permanently enjoin Defendants from infringing Plaintiff's rights under North Carolina common law and from committing trademark infringement under North Carolina common law, and from committing unfair and deceptive trade practices under the North Carolina Unfair and Deceptive Trade Practices Act N.C.G.S. § 75-1.1 et seq.

(e) Award Plaintiff all monetary remedies to which it is entitled under the Lanham Act and the North Carolina Unfair & Deceptive Trade Practices Act, including, without limitation, any and all profits realized by the Defendants, any damages sustained by Plaintiff,

statutory damages to be elected by Plaintiff, treble, enhanced and punitive damages available under North Carolina and federal law, and Plaintiff's costs and attorneys' fees, pursuant to 15 U.S.C. § 1117 and N.C.G.S. 75-1.1 *et seq.*;

(f) Order the transfer of the FedLogic.com Domain Name to Plaintiff, pursuant to 15 U.S.C. § 1125(d), the Anti-Cybersquatting Consumer Protection Act;

(g) Order the USPTO to refuse, or order the Defendants to withdraw, U.S. Application Serial No. 99/029,323, pursuant to 15 U.S.C. § 1119; and

(h) For such other and further relief as the Court deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

Date: September 19, 2025

Respectfully Submitted,

/s/ *Megan Elizabeth Sneed*
Jason M. Sneed, Esq. (NC Bar No. 29593)
Megan Elizabeth Sneed, Esq.(NC Bar No. 38525)
*Attorneys for FedLogic, LLC*
SNEED PLLC
428 S. Main St., Suite B -175
Davidson, NC 28036
www.SneedLegal.com
Tel.: 844-763-3347
Email: JSneed@SneedLegal.com
MSneed@Sneedlegal.com